UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BAO QUOC VU, | No. 1:25-cv-01631 WBS JDP |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER RE: PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION |
| WARDEN, ET AL., | |
| RESPONDENTS. | |

----oo0oo----

Petitioner has filed the instant motion for a preliminary injunction (Docket No. 11) based on his petition for writ of habeas corpus (Docket No. 1), in which he requests the court order his immediate release and enjoin respondents from re-detaining him unless they follow the procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i) (Docket No. 11-3 at 1).

In 2003, an immigration judge ordered petitioner removed to Vietnam, which petitioner did not appeal. (Docket No. 11 at 3.) Petitioner was thereafter released under Order of Supervision by Immigration and Customs Enforcement ("ICE").

1

1  (Id.)  ICE has been unable to deport petitioner since that time.
2  (Id.)  Petitioner was then re-arrested on July 25, 2025, and has
3  been in custody since that date.  (Id.)

4      ICE obtained a travel document from the government of
5  Vietnam on January 5, 2026, and has now scheduled petitioner's
6  removal to Vietnam.  (Docket No. 15 at 1.)  Petitioner concedes
7  that this development makes it unlikely he will succeed on any
8  claim for indefinite detention or illegal removal.  (Id.)
9  Nonetheless, petitioner maintains that he should be released
10 because "ICE's method of revoking [his] release on an Order of
11 Supervision failed to comply with 8 C.F.R. §§ 241.4(l),
12 241.13(i)."  (Id.)

13     "A plaintiff seeking a preliminary injunction must
14 establish that he is likely to succeed on the merits, that he is
15 likely to suffer irreparable harm in the absence of preliminary
16 relief, that the balance of equities tips in his favor, and that
17 an injunction is in the public interest."  Winter v. Nat. Res.
18 Def. Council, Inc., 555 U.S. 7, 20 (2008).  The last two factors
19 "merge when the Government is the opposing party."  Nken v.
20 Holder, 556 U.S. 418, 435 (2009).

21     Likelihood of success on the merits is "the most
22 important factor in determining whether a preliminary injunction
23 is warranted."  Garcia v. County of Alameda, 150 F. 4th 1224,
24 1230 (9th Cir. 2025) (internal citations and quotation marks
25 omitted).  Mere possibility is insufficient to meet this factor;
26 petitioner must demonstrate "a strong likelihood of success on
27 the merits."  Save Our Sonoran, Inc. v. Flowers, 408 F. 3d 1113,
28 1120 (9th Cir. 2005).

1         "Noncitizens subject to a removal order may be released
2    pursuant to 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13." Khamba v.
3    Albarran, No. 1:25-cv-01227 JLT SKO, 2025 WL 2959276, at *7 (E.D.
4    Cal. Oct. 17, 2025).  "Once released, those same regulations also
5    govern revocation of release." Id.  The parties appear to agree
6    that petitioner's initial release and subsequent revocation of
7    release are governed by 8 C.F.R. § 241.13.  (See Docket Nos. 11
8    at 6 (petitioner's motion); 14 at 3 (respondents' opposition).)
9         Respondents claim that petitioner was re-detained under
10   8 C.F.R. § 241.13(i)(2), which provides that a noncitizen's
11   release may be revoked "if, on account of changed circumstances,
12   the [government] determines that there is a significant
13   likelihood that the alien may be removed in the reasonably
14   foreseeable future."  But a neighboring regulation, 8 C.F.R. §
15   241.13(i)(3), in turn provides that "[u]pon revocation, the alien
16   will be notified of the reasons for revocation of his . . .
17   release," and that the government "will conduct an initial
18   informal interview promptly after his . . . return to . . .
19   custody to afford the alien an opportunity to respond to the
20   reasons for revocation stated in the notification."
21        Petitioner argues that he was not notified of the
22   reasons for the revocation of his release and was not granted an
23   informal interview until approximately five months after his
24   release was revoked and he was taken into custody, allegedly in
25   violation of 8 C.F.R § 241.13(i)(3)'s requirements that he be
26   notified of the reasons for the revocation of his release
27   "[u]pon" such revocation, and that he be afforded an informal
28   interview "promptly" after being re-detained.  (See Docket No. 15

3

at 2-3.)  Respondents do not dispute petitioner's timeline of events.  (See Docket No. 14.)

Even assuming that the procedural defects petitioner points to occurred, "it does not follow that the outcome is [petitioner's] immediate release" because "[t]he remedy for a procedural violation is generally a new proceeding that cures the defect, not a windfall of liberty that effectively decides the merits of the case."  Banjoko v. Rambosk, et al., No. 2:26-cv-58 KCD DNF, 2026 WL 145467, at *2 (M.D. Fla. Jan. 20, 2026).  Petitioner has also benefitted from "the opportunity to obtain counsel, to make a full argument to a federal court regarding his detention, submit evidence, [and] respond to the respondents' arguments."  Ladak v. Noem, No. 1:25-cv-194 H, 2025 WL 3764016, at *5 (N.D. Tex. Dec. 30, 2025); see also Bahadorani v. Bondi, No. 25-cv-1091 PRW, 2025 WL 3048932, at *3 (W.D. Okla. Oct. 31, 2025) (same).

Under these circumstances, even if respondents failed to precisely conform to the procedures specified in 8 C.F.R. § 241.13(i)(3), there is no basis for ordering petitioner's immediate release given that "the process provided now" renders petitioner's requested relief "inappropriate."  See Ladak, 2025 WL 3764016, at *5; Bahadorani, 2025 WL 3048932, at *4 ("There is no relief that this Court could offer, since Petitioner has now been adequately provided notice as to the reason for his revocation and detention, he has been provided a forum to rebut the reasons for his detention, and it is still the case that Petitioner is statutorily removable."); see also Surovtsev v. Noem, No. 1:25-cv-160 H, 2025 WL 3264479, at *5 (N.D. Tex. Oct.

4

31, 2025) ("[A] petitioner may not use habeas to fulfill administrative requirements." (citation modified)).

Because petitioner has failed to demonstrate a likelihood of success on the merits of his remaining claim, the court "need not consider the other [preliminary injunction] factors." California v. Azar, 911 F.3d 558, 575 (9th Cir. 2018).

IT IS THEREFORE ORDERED that petitioner's motion for preliminary injunction (Docket No. 11) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that item 7 of the magistrate judge's order of December 8, 2025 (Docket No. 5), which prohibits respondents from transferring petitioner outside of this judicial district, is hereby VACATED.  Respondents may transfer petitioner outside of this judicial district to effectuate his removal.  It is the court's intention that petitioner be lawfully removed to Vietnam as soon as practicable.

IT IS SO ORDERED.

Dated:  January 26, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE